**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**MARIA H. CHALUISA ENRIQUEZ**
**(A# 243-068-185), individually and as parent and**
**Next Friend of J.A.C.C. (A# 243-068-186), a minor,**[1]

    *Petitioners*,

**v.**                                       **Case No. 5:26-CV-0216-JKP**

**JOSE RODRIGUEZ, JR., facility administrator**
**at Dilley Immigration Processing Center, et al.,**

    *Respondents*.

**ORDER GRANTING**
**PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is a Petition for Writ of Habeas Corpus (ECF No. 1) filed pursuant to 28 U.S.C. § 2241 and a Motion for Temporary Restraining Order filed by the pro se Petitioners in this action. Respondents have submitted an Abbreviated Response (ECF No. 6) to preserve the legal issues and to conserve judicial and party resources. The Court finds no need to await a reply.

After reviewing the briefing, provided evidence, and applicable law, the Court grants the petition for the same reasons stated in the cases cited in footnote 2 of its Order for Service (ECF No. 4) and relisted here.[2] While Respondents respectfully disagree with those decisions, the factual and legal issues presented in this case do not differ in any material fashion from those presented

---

[1] The Court uses only the initials for the minor petitioner who is fully identified in the filed habeas petition.

[2] Cases addressing detention under 8 U.S.C. § 1225(b)(1): *See, e.g., Diaz Perez v. Thompson*, No. 5:25-CV-1664-JKP, 2025 WL 3654333 (W.D. Tex. Dec. 15, 2025); *Davila Mercado v. Lyons*, No. 5:25-CV-1623-JKP, 2025 WL 3654268 (W.D. Tex. Dec. 11, 2025).

Cases addressing detention under 8 U.S.C. § 1225(b)(2): *See, e.g., Orellana v. U.S. Dep't of Homeland Sec.*, No. 5:25-CV-1028-JKP, 2025 WL 3471569 (W.D. Tex. Nov. 24, 2025); *Gonzalez v. Ortega*, No. 5:25-CV-1156-JKP, 2025 WL 3471571 (W.D. Tex. Nov. 24, 2025); *Trujillo v. Noem*, No. 5:25-CV-1266-JKP, 2025 WL 3471572 (W.D. Tex. Nov. 24, 2025); *Granados v. Noem*, No. SA-25-CA-01464-XR, 2025 WL 3296314 (W.D. Tex. Nov. 26, 2025).

Case addressing § 1225(b)(1) and § 1225(b)(2): *Tinoco Pineda v. Noem*, No. SA-25-CA-01518-XR, 2025 WL 3471418 (W.D. Tex. Dec. 2, 2025).

in the identified decisions. As requested by Respondents, the Court incorporates the filings in the cases identified in their Abbreviated Response into the record in this case.

Respondents acknowledge that this Court's prior rulings concerning similar challenges to the government policy or practice at issue in this case, and the common question of law between this case and those rulings, would control the result in this case should this Court follow its legal reasoning in its prior decisions. They have considered the Court's cited orders and present no new arguments.

For reasons previously stated in other cases, the Court finds that (1) it has jurisdiction to consider the arguments presented in the instant habeas petition; (2) Respondents have violated provisions of the Immigration and Nationality Act; and (3) Petitioners cannot be detained under 8 U.S.C. § 1225(b). The Court treats the instant action solely as a habeas action under 28 U.S.C. § 2241 and declines to consider any constitutional or other challenge presented. Under the facts and circumstances of this case, this Court concludes Petitioners' detention is unlawful, and habeas relief is proper.

Accordingly, the Court **GRANTS** the Petition for Habeas Corpus (ECF No. 1). Given this ruling, the Court **MOOTS** the Motion for Temporary Restraining Order. It is **ORDERED** that:

1. Respondents are **DIRECTED** to **RELEASE** Petitioners Maria H. Chaluisa Enriquez (A# 243-068-185) and her minor child, J.A.C.C. (A# 243-068-186) from custody to a public location, under appropriate conditions of release **no later than January 28, 2026**. They shall release Petitioners—mother and child—together at a public location where Petitioners can access government-provided transportation to either Laredo or San Antonio, Texas. After determination of the destination and prior to release from the detention facility, Respondents shall provide the mother with a means to telephone a friend or family member regarding their release. Respondents shall also provide a written copy of this Order to the adult Petitioner.

2. Any possible or anticipated removal or transfer of Petitioners under this present detention is **PROHIBITED** so that Petitioners are released consistent with this order.

3. Respondents shall **FILE** a Status Report no later than **January 29, 2026**, (1) confirming that Petitioners have been released at the indicated location, (2) specifying the time of release, and (3) confirming that the adult Petitioner has been provided a means to telephone someone regarding their release.

A final judgment will be issued separately.

**IT IS SO ORDERED this 26th day of January 2026.**

**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**